**SO ORDERED.**

**SIGNED this 10 day of March, 2014.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:

**DEBBIE BEST COX,**                                   **CHAPTER 13**
                                                        **CASE NO. 10-05100-8-RDD**

      **DEBTOR.**

### ORDER DETERMINING THE AUTOMATIC STAY
### IS NOT IN EFFECT AS TO 21st MORTGAGE CORPORATION

Pending before the Court is the Motion to Determine if the Automatic Stay is Still in Effect filed by Debbie Best Cox (the "Debtor") on January 10, 2014 (the "Motion") and the Response to Debtor's Motion to Determine if the Automatic Stay is Still in Effect filed by 21st Mortgage Corporation ("21st Mortgage") on January 17, 2014 (the "Response"). The Court conducted a hearing on February 25, 2014, in Greenville, North Carolina to consider the Motion and the Response.

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 25, 2010. 21st Mortgage filed Proof of Claim No. 1 in the amount of $49,747.45, secured by a mobile home described as a 2001 48'x48' Berkshire Fleetwood mobile home (the "Mobile Home") with a value of $19,823.00. The Debtor's Chapter 13 Plan was confirmed on September 14, 2010. The Plan provides for the Debtor to make payments of $471.00 per month for twenty-nine months and then $495.00 per month for thirty-one months. As to 21st Mortgage, the Plan provides the claim is

to be paid to the extent of the value of the Mobile Home and the Debtor is to provide secured payments regarding the Mobile Home with 5.25% interest.

On June 15, 2012, 21st Mortgage filed a Motion for Relief from Automatic Stay or in the Alternative Adequate Protection.  Pursuant to the motion, 21st Mortgage alleged that the Debtor had allowed the insurance policy on the Mobile Home to lapse and that she had not notified 21st Mortgage of any replacement insurance. Subsequently, on October 16, 2012, the Court approved the Consent Order entered into by the Debtor and 21st Mortgage resolving the motion for relief from the automatic stay. The Consent Order provided that the Debtor had obtained an insurance policy through Foremost Insurance Company that lists 21st Mortgage as the lien holder and the policy was good through June 7, 2013. The Consent Order further provided that the Debtor's account was delinquent for the 2010 property taxes in the amount of $166.71 and the 2011 property taxes in the amount of $275.97.  The Debtor and 21st Mortgage agreed to the following terms:

> A. The Debtor shall cure the delinquent property taxes totaling $442.68 by January 1, 2013, and provide Creditor proof of such payment. In the event the Debtor fails to make the payment by January 1, 2013, the Creditor shall have relief from the automatic stay to pursue any remedies afforded it under state law.

> B. The Creditor's Attorney fees and costs of $676.00 shall be added to the Chapter 13 Plan with the Trustee to modify the Plan as necessary to accommodate this additional claim.

> C. In the event that relief occurs pursuant to the default provisions of the Order, Creditor will have 120 days therefrom to file any amended or other proof of claim for deficiency related to the indebtedness which is the subject of this Order.

*In re Cox*, No. 10-05100-8-RDD at 2 (Bankr. E.D.N.C. Oct. 16, 2012).

The Debtor was unable to pay the past due property taxes on the Mobile Home.  On August 15, 2013, 21st Mortgage filed a Notice of Termination of the Automatic Stay noting that the Debtor had failed to comply with the terms of the Consent Order and that the automatic stay was terminated.

Thereafter, the Debtor entered into a written agreement with the Pamlico County Tax Department for monthly payments of the past due taxes. The agreement was signed by the Debtor and Kathryn Tyndall, the Tax Administrator with the Pamlico County Tax Office on October 1, 2013. The agreement provided for payments of $20.00 per month to cure the past due taxes for 2010, 2011, and 2012. On October 25, 2013, the Debtor filed the Notice of Cure of Lift Stay Motion, noting that as of October 25, 2013, 21st Mortgage had taken no action to seek possession of the Mobile Home and that the Debtor was in compliance with the Pamlico County payment plan and as such no threat existed as to 21st Mortgage, so long as the Debtor continued timely making the monthly payments. As of the hearing date, the Debtor was current on her Plan payments. At the hearing, 21st Mortgage represented that it had paid the delinquent taxes in the amount of $713.00 on behalf of the Debtor, out of fear that Pamlico County would place a lien on the property. The Debtor testified she had funds in the amount of $644.00 to reimburse 21st Mortgage for the payment of the taxes. The Debtor represented that she had paid the property taxes on the property for 2013.

A consent order has characteristics of an ordinary contract and should be construed basically as a contract. *In re Castaway/Hidden Harbor Partners, Ltd.*, 64 B.R. 404, 407 (Bankr. M.D. Ga. 1986) (citing *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 236-37 (1975)). Generally, a consent order cannot be set aside absence proof that consent was not in fact given or that it was obtained by fraud or mutual mistake. *See In re Will of Baity*, 65 N.C. App. 364, 366-67 (1983).

There is no question the Debtor agreed to the terms of the Consent Order which required her to cure the delinquent property taxes totaling $442.68 by January 1, 2013 and provide 21st Mortgage with proof of such payment. If the Debtor failed to make the payment, the Consent Order provided that 21st Mortgage would be granted relief from the automatic stay. It was not until October 1, 2013,

that the Debtor entered into a written agreement with the Pamlico County Tax Office to cure the past due property taxes. Even under the terms of the written agreement with Pamlico County, the Debtor was only required to make payments of $20.00 per month to cure the taxes. The Consent Order did not contain any language indicating "time is of the essence" Therefore, the Court may infer that the breach was not material until some reasonable amount of time had passed after January 1, 2013. *See Harris v. Stewart*, 193 N.C. App. 142, 146, 666 S.E.2d 804, 807 (2008) (noting that in the absence of a "time is of the essence provision" in a contract for the sale of real property, time is not of the essence and there is an inferred reasonable time to perform.) As a matter of law, in this case with these facts, obtaining a written agreement to pay the taxes nine months after the due date, is an unreasonable amount of time, and even the written agreement on its face does not comply with the terms of the Consent Order.

The language in the Consent Order is clear. The Court finds the Debtor was bound by the terms set forth in the Consent Order. The Debtor testified that she agreed to the terms within the Consent Order and that she thought her family would be able to help her make the payment by January 1, 2013. The Debtor failed to set forth any legally recognized grounds for setting aside the Consent Order. Based on the pleadings, the evidence, and the representations made at the hearing, the Court finds that the automatic stay is not in effect as to 21st Mortgage. The Motion is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**